*526 OPINION of the Court, by
Ch. J. Bibb.
Robinson and Barnes gave their obligation to Foster, for a sura moneJ'» Barnes the more effectually to secure the payment, mortgaged a tract of land to Foster ; H. and P. Lee, as assignees of the obligation and the mortgage, exhibited their bill in equity to enforce the payment of the money, and lor a foreclosure of the equity of redemption. The bill sets forth at large the obligation an(] mortgage, and the assignment of each by Foster to the complainants. Subpcenas in chancery were returned executed on both defendants, who making default an<^ failing to answer, a rule was entered in the clerk’s office, taking the bill pro confesso, and setting the cause for hearing. At a subsequent term, “ by consent of partjes’; the cause was remanded to the rule docket, and « . , i r i t* t ¶ * leave was given to the defendants to file their answers ; and it was farther agreed, that the cause should be set *or hearing on the third day of the next March court» Barnes answered, and confessed the obligation and assignment thereof; he confessed the mortgage, “ but ^oes not that the said mortgage is legally vested *n the complainants, and calls on the complainants for proof of that circumstance the other defendant failed t0 aaswer í according to the order formerly made, the cause was set for hearing. On the 9th of March, 1308, the court reciting the former order at the rules taking £^e kill pro confesso as to Robinson, decreed that the order be confirmed, and upon the bill, answer of Barnes and exhibits, they decreed that the defendants should to complainants the sum mentioned in the obli-r -, 1 r . , . o , r , gation and mortgage, with interest, etc. on or before the 25th of May, then next ensuing, cr on failure, that garnes should be foreclosed of his equity of redemption of the mortgaged premises, &e. and that the mortgaged premises should be sold for the payment of the princi-j ¿ interest, under the farther direction of the court ¡ * ' *527 ⅛/nd the cause was continued until the next terrn. in June 1808, on the sixth day thereof, the court made the farther-decree, (reciting the failure to perform the interlocutory decree,) that Barnes should be foreclosed of his equity of redemption ; commissioners were appointed to sell the mortgaged estate, on a credit of three months, &c. giving six weeks previous notice, by advertisement at the door of the court house of the county of Fleming, and at the doors of the taverns in Flemingsburg, of the time and place of sale, which sale was ordered to be made on the mortgaged premises ; the decree then directs the commissioners out of the proceeds of sale to pay the debt, interest and costs, and the surplus, if any, to be paid to the defendant Barnes ; from which decree, the defendants prayed an appeal, which was granted.
The execu-of an as* oi»*"» mortgage, m|£ht be Pro* ” the^triu • ifread without objection w the t“““ wanetü*f proof of the execution of ^¡i^fbeTe-garded on ap-
t-be giyen™^® the mortgago* t0 W theb fomclofure, is a fubject of found dlf"e“8n> «ji-c¡rcumftances * of each parti, cular cafe-
not t00 ⅛0⅜. under the clrcumftances.
preT¡0US notice of faie by ad-vertifement, as B0{ ürneafona-bly Ihort.
r“ I^Ttoo fhort.**
Time ani p,ace of íaie» fhe^disemion of the com.,
The errors assigned are: 1st. “ It does not appear that a copy of the bill was delivered to the first named or either of the defendants, and yet the complainants have proceeded to take the same for confessed.”
To this it is answered, that it is now too late to object to the regularity of the rules in the office. Both defendants were served with process ; Barnes, first named in the subpoena, has answered ; both defendants appeared after the order taking the bill pro confesso, without moving the court to correct the irregularity in the order, if any had been committed. But this court regard it as a good general rule, if after service of process, the defendant is in contempt, or upon his appearance fails to move the court below to correct irregularities in the office, or after having appeared he makes default, that in all such cases those irregularities which might have been corrected by the court below, but were not there moved, ought not to be regarded in the appellate court.
The second and fourth assignments, may be considered together. They object in substance, that the order remanding the cause to the rules with leave to answer, must be considered as rescinding the order taking the bill pro confesso, and yet without any new order, the cause is placed on the court docket, and the order taking the bill pro confesso is confirmed by the court.
The order which remanded the cause to the rules, does not set aside the order taking the billers confesso; leave was given to answer, apd if Robinson had answer- *528 6(]¶ then and not till then, the confession of the bill would i,ave been avoided. But farther, the order sending the cause to the rules, contained an express assent that the cause should be set for hearing at the March term ; it was so set for hearing, Robinson had not used the pri* vilege of filing his answer ; what other decree than as upon a confession of the bill could the court have made upon the hearing as to him ?
The 3d assignment, suggests “ the defendant Barnes by his answer, puts the complainants upon proof of the assignment to them of the paper purporting to be a mortgage, which he had given ; and yet without any such proof, the court proceed to adjudicate as if the fact were established.”
To this it is answered, that th a fact of assignment is not denied by the answer ; the response to that part of the bill is not to the fact of transfer by assignment, but to the legality of such a transfer, and the competence of such an assignment alone (and in the absence of other proof of transfer) to vest in the complainants the security by mortgage. That part of the answer seems calculated only, to make a question, whether a mortgage is assignable by the bare endorsement of an assignment. Upon that point there is no doubt. Such an assignment passes in equity the security to the assignee. Mortgages have uniformly been considered in equity as securities for money, andas such assignable as other evidences of debt; pashuíí to executors and administrators, and not to the heir — (See Butler’s note 1 upon Litt. — Harg. and But. Ed. Coke Litt. iol. 208, b- — Francis’s Maxims — 5, p. 21.) And it does not seem to be extending the principles of equity too far to say, that by assigning the principal debt, the security for that debt passed also. But farther, the mortgage, with the assignment endorsed, was read as an exhibit without objection. If anob-jection had been made for want of proof of the execution of the assignment, the court, in their discretion, might have permitted proof of that exhibit viva voce. We cannot now suffer an objection to an exhibit not objected to in the court below.
The 5th assignment asserts that “the time given by the interlocutory decree for the payment of the debt, in order to bar the right of redemption, was unreasonably and oppressively short.”
*529 No particular time is required by law or the rules of equity ; it is a subject within the difccrfction of the chancellor upon the circumstances of each particular case. The bill was exhibited on the 5th of September 1806, the interlocutory decree was pronounced in March 1803 ; from the length of time the bill had been depending, it does not appear that the time given was unreasonably short.
The last assignment objects to the decree, because, 1st. The credit given in the sale of the mortgaged premises is too short. 2d. No advertisement is directed to be made in any public print, nor on the mortgaged premises. 3d. The sale is directed to be made on the premises without designating time of day, or on what particular part of them.”
These objections seem to be entitled to no weight. The credit given is one which by the general laws of the country relating to executions, the legislature have thought reasonable ; the notice required, seems reasonable, the time and place was a subject properly delegated to the commissioners.--Decree affirmed.