CLEARWA-
TER
v.
ROSE.

CLEARWATER, Assignee, &c. *v.* ROSE.

If a conveyance of real estate be to a man, his executors, administrators, and
assigns, (not containing the word *heirs,*) the grantee takes only a life estate in the premises.

A scire facias by the assignee of a mortgage, which is only for the life of the mortgagee, need not aver the life of the mortgagee: that averment, if necessary, may be made in the declaration. *Quære,* whether the scire facias may be demurred to; and whether a declaration be necessary, if the scire facias contain a good cause of action.

A mortgage may be assigned, like other evidences of debt, by an indorsement without seal: a mere delivery of the mortgage security, with a transfer of the debt, is a sufficient assignment of the mortgage.

ERROR to the *Franklin* Circuit Court.—Scire facias on a mortgage, issued by an assignee. The defendant craved oyer of the mortgage and assignments. The mortgage was to *Miller,* his executors, administrators, and assigns, (without mentioning the word *heirs;*) and the scire facias did not aver that *Miller* was alive. The assignments on the mortgage were as follows: "For value received, I hereby assign my right and title to the within mortgage, and guaranty the same to *Jonathan Bassett.* 11 *July,* 1818. *John Miller.*" "For value received, I assign the within to *William H. Eads. July,* 11, 1818. *Jonathan Bassett.*" "*Sep.* 17, 1818, For value received, pay the within to *Jacob Clearwater. William H. Eads.*" General demurrer to the scire facias, and judgment for the defendant.

In support of the judgment the defendant contended, first, that the mortgage created an estate for life only, and that the scire facias, therefore, should have averred the life of the mortgagee; secondly, that the assignments should have been by deed.

SCOTT, J.—That the interest conveyed by the mortgage is only a life estate, there is no doubt. The mortgage contains no words of inheritance; nothing which shows that the grantor intended such a perpetuity of interest as is essential to an estate in fee. 2 Bl. Com. 107 (1). Our statute has not altered the common law in this particular. It does not prescribe what form of words shall create an estate in fee-simple; but only provides that, where such estate is conveyed, the words *grant,*

*Tuesday,
November 6.*

18

*bargain*, and *sell*, shall amount to a covenant of seisin, and quiet enjoyment. Stat. 1817, p. 205 (2). The second point in this objection is not so clear. But whether, in a scire facias by the assignee of a mortgage of an estate for the life of the mortgagee, the plaintiff must aver that the mortgagee is still living, is a question which it is not necessary for us now to decide. There is one consideration which lays this question to rest. If such averment be necessary, it is not absolutely essential that the scire facias should contain it: it might be inserted in the declaration, if one should afterwards be filed. Here the demurrer is to the writ, which appears not to be defective. We deem this a sufficient answer to the first objection, without saying any thing as to the propriety of demurring to the writ, or as to the necessity of a declaration when a good cause of action is made out in the scire facias (3).

The second objection questions the validity of the assignments. Upon this point there is no doubt. Any words which show the intention of the parties to make a transfer of the debt, will amount to an assignment; 4 Cruise, R. P. 161; and whatever transfers the debt carries the estate in the land with it. 2 Burr. 978. Even if the mortgagee assign the debt by parol, all the securities become vested in the assignee. Rob. on Frauds, 275. The title of the mortgagee, even after he has entered into possession, as long as the right of redemption remains, is considered only as personal estate, and goes to the executor, not to the heir. 2 Cruise, R. P. 122. Where the debt is assigned, a mere delivery of the mortgage deed to the assignee vests in him all the interest in the land. 1 Johns. R. 580. Or the mortgage may be assigned, as in this case, by a bare indorsement on the back of the deed, as other evidences of debt. 1 Bibb, 528. On this subject, there is no difference between a Court of equity and a Court of law. The rule which is good in one Court, will hold in the other also (4). A scire facias is in the nature of a bill in chancery. 6 Bac. 120. It is, in such cases as the present, adopted in the room of a bill of foreclosure. A change in the form of proceeding does not alter the law relative to the mortgage, or the assignments, or to the rights of the parties derived from them. The demurrer ought to have been overruled.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the demurrer are set aside, with costs. Cause

remanded to the Circuit Court, with directions to permit the de-
fendant to withdraw his demurrer, &c.

> *Test*, for the plaintiff.

> *Caswell*, for the defendant.

(1) If lands be conveyed to a natural person without any words of limitation, whatever, he will take an estate for his own life; unless the grantor be only tenant for his own life, in which case the grantee will take an estate for the life of the grantor only. 1 Cruise, R. P. 61.—4 ib. 453.

As to the words in a will necessary to pass a fee, the Supreme Court of the U. S. say:—Where there are no words of limitation to a devise, the general rule of law is, that the devisee takes an estate for life only; unless from the language there used, or from other parts of the will, there is a plain intention to give a larger estate. We say a plain intention, because if it be doubtful or conjectural upon the terms of the will, or if full legal effect can be given to the language without such an estate, the general rule prevails. It is not sufficient that the Court may entertain a private belief that the testator intended a fee; it must see that he has expressed that intention with reasonable certainty on the face of his will: for the law will not suffer the heir to be disinherited upon conjecture. He is favoured by its policy; and though the testator may disinherit him, yet the law will execute that intention only when it is put in a clear and unambiguous shape. *Wright* v. *Denn*, 10 Wheat. 204, 227, 228. In this case, the subject of passing a fee by devise is very fully treated of.

(2) These words grant, bargain, and sell, have been held to amount only to a special warranty in an estate in fee; that is, to a covenant on the part of the grantor, that he has not incumbered the lands; and that neither he, his heirs, nor assigns, will molest or disturb the grantee. This construction is given to the *Pennsylvania* statute of 1715, from which ours was originally copied. Lessee of *Grats* v. *Ewalt*, 2 Binn. 95; Vide also, as to the effect of these words in a deed, 2 Bos. & Pull. 13, 21; 2 Caines, 188. In that clause of our statute which says, "All deeds, &c. whereby any estate, &c. shall be limited to the *grantor*, &c.," the word *grantor* is a mistake. It should be *grantee*. In the stat. 6 Anne, *bargainee* is the word used. 4 Cruise, R. P. 180. Our statute of 1823, p. 332, is the same with that of 1817, cited in the text.

(3) It has since been held, that, where the whole cause of action is set out in the scire facias, a declaration is not necessary. *Lasselle* v. *Godfroy*, May term, 1824, post.

(4) It is said, that in the case of a mortgage, where the legal estate passes from the debtor to the creditor, an assignment of the debt is no conveyance of the *legal* estate to the assignee; that a Court of equity will pass the one as an incident to the other, but, in a Court of law, the assignee cannot maintain ejectment. Per *Johnson*, J., in *Kirk* v. *Smith*, 9 Wheat. 308.