Nov. Term, 1837.

SLAUGHTER
v.
FOUST.

---

SLAUGHTER, Assignee, *v.* FOUST and Others.

No particular form is necessary to constitute an assignment, in equity, of a chose in action; and the assignment in such case may even be by parol.

A bill in chancery for a foreclosure, &c., stated that the mortgagee had, for value received, assigned and indorsed to the complainant the note, to secure which the mortgage was executed, and ordered the payment to be made to him. *Held*, that the description of the assignment was sufficient in equity.

The heir, and not the executor or administrator, of a deceased mortgagor, is the proper party defendant to a bill for a foreclosure and sale of the mortgaged premises.

The statute which prohibits the commencement of a suit against an executor or administrator, until the expiration of a year from the date of his appointment, does not apply to a bill for a foreclosure, &c. against the heir of the mortgagor.

Nov. Term,
1837.

SLAUGHTER
v.
FOUST.

Friday,
December 1.

APPEAL from the *White* Circuit Court.

DEWEY, J.—*Foust* was indebted to *Fleming* by two promissory notes, which he secured by mortgage; *Fleming* assigned the notes to *Slaughter*, and delivered the mortgage-deed to him. The mortgagor died intestate, leaving a widow and two heirs at law: administration of his estate was granted. The assignee, *Slaughter*, brought his bill in equity against the widow, heirs, and administrator, stating the foregoing facts, and praying a foreclosure of the equity of redemption and sale of the mortgaged premises under the statute. General demurrer to the bill by all the defendants, which was overruled. Plea by all the defendants, that one year from the appointment of the administrator had not elapsed at the time of filing the bill. The Court allowed the plea, and dismissed the bill. Complainant appealed.

The objection urged under the demurrer is, that there is. not a legal assignment of the notes, agreeably to the statute, alleged in the bill. The statement is, that *Fleming*, for value received, "assigned and indorsed to *Slaughter* the notes, and ordered and appointed the payment thereof to be made to him."

It is unnecessary to inquire whether this averment shows such a transfer of the legal ownership of the notes, as would enable the assignee to maintain a suit at law upon them in his own name. Choses in action, which, by the common law, are even unsusceptible of such an assignment, are capable of being equitably transferred, so that the purchaser may resort to a Court of chancery for redress, without the aid of the name of the assignor. No formality is necessary to effect this species of transfer; any transaction between the contracting parties, which indicates their intention to pass the beneficial interest in the instrument from one to the other, is sufficient for that purpose; a debt may be assigned, in equity, by parol, as well as by writing. 2 Story's Eq. 311.—*Heath* v. *Hall*, 4 Taunt. 326.—Roberts on Fr. 275. And when a debt secured by mortgage is so assigned, and the mortgage-deed delivered to the assignee, he becomes invested with all the equitable rights of the mortgagee. *Clearwater* v. *Rose*, 1 Blackf. 137. The bill in this case contains an averment of the assignment of the notes for a valuable consideration, and of the delivery of the

mortgage-deed to the assignee. We think the Circuit Court 
decided right in respect to this objection to the bill.

· The demurrer, however, should have been allowed, for ano- <span></span>
ther reason, as to one of the defendants—the administrator;
he should not have been a party to the suit.

A mortgagee has three modes of enforcing satisfaction of his demand, to which he may resort concurrently, or separately, · at his election: he may bring ejectment and thus acquire the rents and profits of the mortgaged premises until his debt be satisfied; or he may sue at law on the evidence of his claim, in which case he looks, in the first instance, to the personal property of the mortgagor; or he may, by a proceeding in chancery, enforce his lien on the land. The result of this latter process, in *England*, is generally a strict foreclosure of the equity of redemption of the mortgagor, and the investment of an absolute estate in the mortgaged premises in the mortgagee. Under the law of this state the equity of redemption is also foreclosed; but the land is sold for the satisfaction of the debt, and the overplus arising from the sale, if any, is returned to the mortgagor. This difference in the result, however, does not change the character of the proceeding; which, in both countries, is *in rem*, and has in view the satisfaction of the debt from the land. If the mortgagor be dead, the remedy is still against the land and seeks not to meddle with the personal assets. It is, therefore, well settled by the *English* practice, that the heir, in whom is the equity of redemption, is the only proper defendant in a bill of mere foreclosure. 3 Powell on Mort. Rand's ed. 969.—*Bradshaw* v. *Outram*, 13 Ves. 239.—*Duncombe* v. *Hansley*, 3 P. Will. 333, *n*.

It is true that, in *England*, there are some exceptions to this rule of strict foreclosure; as for instance, when in consequence of the inadequacy of the security arising from the mortgage, the mortgagee, in his bill, prays an account of the personal estate as well as a sale of the land. To such a bill the executor should be a party with the heir; but the reason of joining them as defendants is not because a sale of the land may be decreed, but because, in addition to the land, the bill seeks to appropriate the personal assets, of which the executor is the representative, to the satisfaction of the debt. 3 Powell on Mort. Rand's ed. 969.—*Daniel* v. *Skipwith*, 2 Bro. C. C. 155.—*Fell* v. *Brown*, ib. 276. It has also been held that where

the bill contained an averment, that the executor had been in the receipt of the rents and profits of the mortgaged premises, and had paid the interest and part of the debt, it was necessary to make him a party. *Cholmondeley* v. *Clinton*, 2 Jac. & Walk. 135. The case before us does not come within the reasons of these exceptions. They aimed at the personalty as well as the pledged land. This bill affects only the latter.

In *Virginia* and *Maryland*, the law respecting the sale of mortgaged premises on a bill of foreclosure is similar to ours. In each of those states, it has been held that it is not proper to join the personal with the real representative of a deceased mortgagor, in proceedings to enforce the lien. *Graham* v. *Carter*, 2 Hen. & Munf. 6.—*David* v. *Grahame*, 2 Harr. & Gill, 94.

It has been urged that our probate act, by enabling the executor, or administrator, to convert the real estate of a decedent into assets, when the personal property is insufficient to pay his debts, has rendered it necessary to make the personal representative a party to a bill of foreclosure and sale. There would be strength in this position, if that law destroyed the lien of a mortgagor upon the land mortgaged, or compelled him first to look to the personal estate. In our opinion it does neither; but on the contrary, we think the object of its provisions on this subject, was to guard and protect specific liens on the real estate of a deceased person. Nor do we conceive, that the right of the mortgagee to proceed to foreclosure and sale, without making the personal representative a party, can interfere with the contingent right of the latter to convert the estate into assets for the payment of debts, whenever he may discover the inadequacy of the personalty for that purpose.

It not being necessary or proper to make the administrator a party to the bill, this suit is not embraced in that provision of the statute, which forbids an action to be brought against an executor or administrator until after the lapse of one year from the date of his appointment.

. Under this view of the subject the plea is a nullity.

*Per Curiam.*—The decree is reversed with costs, &c. Cause remanded, &c. The demurrer, except as to the administrator, to be disallowed, and the plea set aside.

*A. S. White* and *R. A. Lockwood*, for the appellant.

*W. M. Jenners*, for the appellees.