tion on the case will lie against a party who issues execution on a judgment that is satisfied, does not conflict with this view of the law. It does not appear in that case that the party who issued the writ had any personal concern in its execution. It follows that the replication is not a departure from the allegations in the declaration. It maintains the declaration by showing that the excuse of the defendant for the trespass charged is unavailing.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. W. Wick* and *L. Barbour*, for the plaintiff.
*H. Brown*, for the defendant.

Nov. Term, 1844.

BURTON
v.
BAXTER.

---

BURTON *v.* BAXTER, for the Use of ENGLISH.

The sale of a promissory note secured by mortgage, is an equitable transfer of the mortgage to the purchaser of the note; and he should, therefore, be a party to a bill to foreclose, &c.

ERROR to the *Switzerland* Circuit Court.

DEWEY, J.—*Baxter*, suing for the use of *English*, brought a bill in equity, the object of which was the foreclosure of a mortgage, given to secure the payment of two promissory notes. The mortgage was executed by *Lewis* and wife, and the notes by *Lewis*. The defendants to the bill were the mortgagors and *Burton*, the latter claiming the mortgaged premises by a conveyance from *Lewis*, alleged to be of a date prior to that of the mortgage. The bill alleges that the complainant, the mortgagee and payee of the notes, sold them to *English*, for whose use, and at whose request, the suit was commenced. On final hearing there was a decree of foreclosure, and sale of the mortgaged premises, and for costs against the defendants.

This decree cannot be sustained. The bill shows that the complainant had no equity. The sale of the notes, secured by the mortgage, to *English*, was an equitable transfer to him of the mortgage. Rob. on Frauds, 272, 275. See, also, *Clearwater* v. *Rose*, 1 Blackf. 137, and *Slaughter* v. *Foust et al.* 4 Blackf. 379. The beneficial interest in the notes and

*Wednesday, December 4.*

Nov. Term, 1844.

WALLACE
v.
CLARK.

mortgage being in *English*, he should have been a party to the bill. *Park* v. *Ballentine*, 6 Blackf. 223.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*J. Dumont*, for the plaintiff.

WALLACE and Another *v.* CLARK.

To debt on a replevin-bond, a plea that the goods replevied belong to the principal obligor is bad.

But on the execution of a writ of inquiry, after judgment in such suit for the plaintiff on demurrer, evidence of such ownership is admissible in mitigation of damages.

*Thursday, December 5.*

ERROR to the *Vigo* Circuit Court. Damages were assessed and judgment was rendered, in the Circuit Court, in favour of *Clark*, the plaintiff.

SULLIVAN, J.—Debt on a replevin-bond by *Clark* against the plaintiffs in error. The condition of the bond is, that if *Joseph S. Wallace*, one of the plaintiffs in error, shall prosecute with effect and without delay a certain writ of replevin, sued out by him against *Clark*, and duly return the goods and chattels taken by the sheriff, &c., by virtue of said writ, if a return shall be awarded, then said bond shall be void, &c. The breaches assigned are, that *Wallace* wholly failed to prosecute his suit with effect, &c., but, on the contrary thereof, became and was nonsuit; and that *Wallace* has failed to return said goods and chattels, as by the judgment of the Court he was ordered to do. Plea, that the goods and chattels, named in the condition of the bond, were the property of *Joseph S. Wallace*. To this plea, there was a general demurrer, which was correctly sustained by the Court. *Sherry* v. *Foresman*, 6 Blackf. 56. On the execution of the writ of inquiry, the defendants in the Court below offered to prove, in mitigation of damages, that the property mentioned in the condition of the bond was the property of *Joseph S. Wallace*, and that *Clark* never had a title to it. The plaintiff objected, and the Court excluded the testimony.

The question before us is attended with some difficulty.