STANLEY v. BEATTY and Others.

The assignment of one of several notes secured by a mortgage is an equitable assignment, *pro tanto*, of the mortgage.

The person holding the note which first becomes due, is entitled first to be satisfied out of the proceeds of the mortgage.

The holder of one of several notes secured by mortgage is not obliged first to sue at law upon the notes, but he may, in the first instance, proceed in chancery for foreclosure.

*Saturday,
May 28.*

APPEAL from the *Miami* Circuit Court.

STUART, J.—This was a bill in chancery to foreclose a mortgage. From the agreed state of facts, and such allegations in the bill as are otherwise established, we extract the following:

The defendant, *Wallick*, had purchased from *Hamilton* and *Godfroy*, respectively, two lots in *Peru*, and taken their title-bonds. These lots *Wallick* sold to the defendant, *Jones*, and instead of assigning the title-bonds of *Hamilton* and *Godfroy*, he gave his own separate obligation to *Jones* for a deed. *Jones* and the defendant *Kite*, had executed to the defendant *Beatty*, their two joint notes of 604 dollars each; the one due *February* 23, 1848, the other *May* 23, 1848. To secure the payment of these notes, *Jones* executed to *Beatty* a mortgage on the lots. *Beatty* afterwards assigned the note due *February* 23, 1848, to *Stanley*. *Stanley* put the note in suit, but on the guarantee of *Peeples* and *Skillman*, (who are not parties to the record), that the note would be paid by the 1st day of *May*, 1848, the suit was dismissed. At that time *Jones* was supposed to be solvent; but in two months after he fled the country, wholly insolvent. *Kite* paid *Stanley* in property 100 dollars, to be credited on the note; and to save *Peeples* harmless on the guarantee, he gave *P.* a mortgage on eighty acres of land in *Marshall* county. *Peeples* assigned this mortgage to *Stanley*, and at the same time took *Stanley's* obligation not to sell the land or permit it to be sold for less than 300 dollars.

*Stanley* renewed his suit at law on the ·note and re-

covered judgment against *Kite—Jones* not found.  Having had a return of *nulla bona* in *Miami* county, *Stanley* directed execution to *Marshall* county, sold *Kite's* equity of redemption in the eighty acres mortgaged to *Peeples*, and *Stanley*, himself the assignee of that mortgage, became the purchaser at sheriff's sale, for 25 dollars.  He then filed this bill to obtain satisfaction of the balance of the note out of the *Jones* lots.

*Wallick* had meanwhile assigned the title-bonds of *Hamilton* and *Godfroy* to *Beatty*.

The lots were worth from 700 to 800 dollars.  There was a small balance of the purchase-money due from *Jones* to *Wallick*, and from *Wallick* to *Hamilton* and *Godfroy*, in whom the legal title was still vested.  The bill prays that the lots be sold, and the liens paid in the order of their priority, &c.  *Hamilton, Godfroy, Beatty, Wallick,* and *Jones*, are made defendants.  On final hearing, the Court dismissed the bill.  *Stanley* appeals.

The assignment of the note by *Beatty* to *Stanley* was an equitable transfer of the mortgage given to secure the note.  1 Blackf. 137.—4 *id*. 379.—7 *id*. 297.

But the mortgage was given to secure both notes—the one assigned to *Stanley*, the other still held by *Beatty*. What then are the equities of *Stanley* and *Beatty*, respectively, in this common security?  *Stanley's* note was due *February* 23, 1848; *Beatty's May* 23, 1848.  The note first due is to be first satisfied out of the proceeds of the mortgage.  *State Bank* v. *Tweedy*, 8 Blackf. 447.  This settles the prior equity in favor of *Stanley*, if no other disturbing causes intervene.

It is objected that *Stanley* might have collected the note had he not dismissed his first suit at law.  But *Stanley* was not compelled to proceed at law.  He might, in the first instance, have proceeded in chancery to foreclose, and swept the whole mortgaged property.  Instead of that, he pursued the course which would give him, as the law then stood, the benefit of both remedies in proper succession.  Under the proceeding at law he made part of the money, and had a return of *nulla bona*.  When

*Stanley* seeks his further remedy in chancery against the mortgaged lots, *Beatty* has no right to complain further than to see that all which *Stanley* actually realized by his legal proceedings, has been applied to the note; for the suit at law which secured part payment of the *Stanley* note, has resulted to the benefit of *Beatty*, who, standing in the situation of a junior mortgagee, acquired additional security by *Stanley's* success. The amount of *Beatty's* interest in the common security was thereby increased.

In one contingency alone would the laches of *Stanley* be available to *Beatty*. If *Stanley* should seek recourse on him as the assignor of the note, *Stanley's* diligence at law might then be properly put in issue.

What disposition should be made of the mortgage on the *Marshall* county land, it is not proper to decide. All the parties in interest are not before the Court. *Peeples* is interested in the disposition to be made of that security. So is *Kite*. And there may also be equities between *Kite*, *Peeples*, and *Skillman*, to be adjusted. None of them are parties to the bill. Whether the fact that *Stanley* was the assignee of the *Kite* mortgage at the time he purchased the equity of redemption at sheriff's sale, brings him within the rule in *Murphy* v. *Elliot*, 6 Blackf. 482, is not before us, and we intimate no opinion. But even if he is, there would still be a balance due on the note for which he would be entitled to payment out of the *Jones* lots. In such case, and especially if new parties were necessary, the bill should not be dismissed, but should stand over for amendment. 6 Blackf. 223. We think the Court erred in dismissing the bill.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*A. A. Cole*, for the appellant.

*D. D. Pratt*, for the appellees.