## DOUGHERTY *vs.* RANDALL.

The "Act relating to the conveyance of Real Estate," (*Sess. L.* 1840, *p.* 166,) although requiring two subscribing witnesses to a deed of conveyance of real estate for the purpose of *registry*, contains no provision under which a deed with only one subscribing witness can for that reason be adjudged void, either at law or in equity, as between the parties thereto, or as against the grantor in a collateral suit or proceeding.

The interest of the mortgagee of real estate is a mere chattel interest, which may be transferred without the execution of a deed or other instrument in writing where the statute does not require the transfer to be so made. The

statute of this State contains no such provision. Any assignment with but one or without any attesting witness, is competent proof as well in law as equity, to show a transfer of the entire interest of the mortgagee in the mortgaged premises.

Although the jurisdiction of courts of law and equity is different in respect to facts and circumstances when proved, in general the rules of evidence and the principles which govern the means of obtaining proof, are substantially the same in both; and the rules of property and interpretation are, or should be, the same in both.

Motion for a new trial reserved from Wayne Circuit.

This was an action of ejectment. On the trial the plaintiff introduced and read in evidence certain deeds showing that on the 12th of July, 1838, one Smith was seized in fee of the premises sought to be recovered. He then introduced and read in evidence a certain mortgage on the same premises, executed by said Smith to himself as security for the payment of a certain sum of money, according to the condition of a certain bond. He next proved the defendant in possession of the premises, and rested.

The defendant, to defeat a recovery by the plaintiff, offered to read in evidence an assignment by the plaintiff of the bond and mortgage to one Rogers, in the words and figures following: "For and in consideration of five hundred dollars, to me paid by George W. Rogers, of the city of Detroit, I do hereby assign, sell, transfer and set over to him, the said George W. Rogers, his heirs and assigns, all my right, title, claim and demand, in and to the bond and mortgage hereto annexed, hereby fully authorizing and empowering him, the said George W., or his legal representatives, to collect, cancel or foreclose the same, sealed and delivered;" &c.

The plaintiff objected to the reading, on the ground that the assignment had but one subscribing witness, which objection was overruled by the Court, and the plaintiff excepted.

The assignment being read, the plaintiff submitted to a nonsuit, with leave to move to set the same aside and for a

new trial. The motion was accordingly made and reserved by the Circuit Judge for the opinion of this Court.

*J. M. Howard,* for plaintiff.

The assignment of the Smith mortgage bears date August 7th, 1840, and has but one attesting witness, and is therefore void, as between the parties, under the law of 1840, entitled "An act relating to the conveyance of Real Estate." (*Sess. L.* 1840, 166.) The R. S. 1838 did not require any subscribing witness as between the parties to the deed. This statute is a transcript of that of Massachusetts, (*R. S. Mass.* 405,) and there it is held that this R. S. makes no change in the common law, as between the parties. (*Dole* vs. *Thurlow,* 12 *Metc.* 165.) The object of our R. S. in requiring at least one subscribing witness, is plainly to entitle it to be proved and recorded. But by the act of 1839, (*Sess. L.* 1839, 218, § 12,) two subscribing witnesses were required for the same purpose, and so the law stood until repealed by the R. S. 1846. The act of 1840 must therefore have had in view some other object than the mere proving and recording the deed. It not only required two witnesses to subscribe their names as such, but that the grantor should subscribe in their presence. The act intended not merely to adopt new regulations respecting the *proving* and *recording* of deeds—for on this subject it made no change whatever in the then existing law—but to enact new provisions as to the mode of transferring the title to the grantee, that two witnesses should be essential to the validity of the deed, as between the parties. We cannot discover any other object to which the first section of the act can apply, and as it may be so applied in harmony with its terms, and as the only mischief then existing was want of publicity in the transaction, and too great danger of losing the proof of it, and of exposing grantors to the acts of the designing, we claim that construction which gives the first

section some effect in opposition to that which gives it none, for any other construction would give it none.

It is a rule of interpretation, that a statute shall be so construed that no clause, sentence or word, shall be superfluous, void or insignificant. (22 *Pick.* 573; 4 *Blackf.* 148; *James* vs. *Dubois*, 1 *Harr.* 285; *Isham* vs. *Benn. Iron Co.*, 19 *Verm.* 230; *Davies* vs. *Fairbairn*, 3 *How.* 644; 4 *Mass.* 536.)

The common law has ever been in force in New Hampshire. The statute of 1791, however, provided that all deeds, &c., of land in said State, signed, &c., by the party conveying the same, &c., and signed by two or more witnesses, and acknowledged by the grantor, &c., and recorded, should be valid, &c.

Under this act it has been held that two witnesses were necessary, and that nothing passed by a deed having one witness only. (2 *N. H.* 440; 3 *Ib.* 254; 4 *Ib.* 405; 13 *Ib.* 42.) And this, though the statute of 1791 contained no negative words; on the ground that where a statute limits a thing to be done in a particular form, it includes in itself a negative, *i. e.*, it shall not be done otherwise. (1 *Kent Com.* 476, note *d; Plowd.* 206; 6 *Dane's Ab.* 593, § 3; *Caruther's case*, 9 *East.* 44; 1 *Showers*, 520.)

In Connecticut, under a statute substantially the same, the Supreme Court of that State have held that a deed with only one witness is void between the parties. (*Carter* vs. *Champion*, 8 *Conn.* 549; *White* vs. *Wheaton*, *Ib.* 535.) Under a similar act, the same doctrine is held in Ohio. (1 *Ohio R.* 164; *Clark* vs. *Graham*, 5 *Cond. R.* 192; *Patterson* vs. *Wallace*, 4 *Ohio R.* 190; 6 *Cond. R.* 274; *Craig* vs. *Pierson*, *Cheves R.* 272.)

*H. H. Emmons*, for defendant.\*

---

\*The Reporter has not been furnished with a copy of Mr. Emmons' brief.

Dougherty *vs.* Randall.

By the Court, PRATT, J.

There is no legal ground upon which the nonsuit submitted to by the plaintiff in this cause can be set aside, and a new trial granted.

The plaintiff is not entitled to the possession of the mortgaged premises which he seeks to recover; consequently, he has no cause of action. The assignment is valid. It is full, absolute, and was executed by him for a sufficient, if not a full consideration. He has, therefore, divested himself of all interest which he theretofore had in the bond and mortgage, and consequently of all right which at common law, he otherwise might have had, as mortgagee, to the possession of the mortgaged premises.

The only ground assumed in support of the motion in this Court is, that " the assignment has but one attesting witness to it, and therefore void." It was attempted in argument to sustain this ground by treating the assignment as a deed of conveyance of real estate under the statute. If the instrument could be legally so considered, still the ground taken could not be maintained.

The statute under which the bond and mortgage in question were executed, although requiring two subscribing witnesses to a deed of conveyance of real estate for the purposes of *registry*, contains no provision under which a deed with only one subscribing witness thereto can be for that reason legally adjudged void, either at law or in equity, as between the parties thereto, or when offered as evidence against the grantor, in a collateral suit or proceeding. At common law no such rule ever prevailed; nor can such a rule, in justice or equity, ever be established.

But the assignment is not in fact, or in judgment of law, a conveyance of real estate, and should not be so held. Courts and jurists of the highest character in England and this country, have held, and as we think, correctly, that not-

withstanding the execution and delivery of the mortgage, the mortgagor still continues to *own*, instead of having a mere *right* to the mortgaged premises; and that the interest of the mortgagee is distinct from that of an ordinary title to the land. On this subject, Lord Mansfield said that " a mortgage is a charge upon the land, and whatever would give the money will carry the mortgage estate in the land along with it, to every purpose. The estate in the land is the same thing as the money due upon it. It will be liable for debts; it will go to executors; it will pass by will not made and executed with the solemnities required by the statute of frauds. The assignment of the debt will draw the land after *it*, as a consequence—nay, it would though the debt were forgiven only by parol—for the right to the land follows, notwithstanding the statute of frauds." (*Martin* vs. *Mowlin*, 2 *Burr*, 969.)

In this country, as well as in England, the question has often been decided. Chancellor Kent lays down the broad doctrine that " until foreclosure, or at least until possession taken of the land, the mortgage must remain in the light of a *chose in action*. That it is but an incident attached to the debt, and in reason and propriety it cannot and ought not to be detached from its principal. The mortgage interest, as distinct from the debt, is not a fit subject of assignment. It has no determinate value. If it should be assigned, the assignee must hold the interest at the will and disposal of the person who holds the bond." (*Jackson* vs. *Willard*, 3 *J. R.* 43.) The doctrine is expressly re-affirmed in Wilson *vs.* Troup, (2 *Cow. R.* 195.) " Both at law and in equity, the mortgagee has only a chattel interest in the mortgage." (*Johnson* vs. *Hart*, 3 *John. Cases*, 229; *Runyan* vs. *Mersereau*, 11 *J. R.* 534.) " In *common sense*, he has only a pledge." (*Sylvester* vs. *Jarman*, 10 *Price R.* 84.) " He is not the substantial owner of the premises." (*Dougherty* vs. *McColgan*, 6 *Gill. & J.* 275.) " In natural justice and equity, the principal right of the mortgagee is to the money when due,

and his right to the land is only as security for the payment of the money, the debt being merely collaterally secured by the mortgage on real estate." (*Matthews* vs. *Wallwyn*, 4 *Ves.* 128; *Dudley* vs. *Caldwell*, 18 *Conn.* 218.) In New York, the Courts appear to have steadily held the mortgagee's interest as personal estate, and until foreclosure to be legally considered in the light of a *chose in action*, as a mere incident attached to the debt. (5 *J. Ch. R.* 570; 19 *J. R.* 325.) In a still later case, it was expressly decided that the mortgagor held the legal title to mortgaged premises until foreclosure and sale. (14 *Wend.* 235.) In New Hampshire, also, it has been expressly decided that the mortgagee's interest in a mortgage is not real estate, but a mere chattel interest, which can only be transferred with the debt itself. (11 *N. H.* 274.) And in Mississippi the question has also been fully settled by decision, and substantially in the same way. (9 *Miss. R.* 28.) These cases should be considered as conclusive. They show the current of authority in this country, and they establish the only doctrine that can in reason be established on the subject.

As to the manner of transferring a mortgagee's interest in a mortgage, very little need be said. It is now generally held that an assignment of the debt carries with it, in equity, the interest in the mortgage. In New York, this has always been the established doctrine. In New Hampshire, the mere delivery of a note payable to bearer, secured by mortgage, passes the mortgage also, both in law and equity, and a mere *parol* transfer of the debt and mortgage is valid. (5 *N. H.* 420; 13 *Ib.* 247.) In Vermont, a parol assignment of the debt carries with it the mortgagee's interest in the mortgage. (10 *Verm.* 294; 21 *Ib.* 331.) In Kentucky and Mississippi, the same principle is fully recognized. (8 *B. Mun.* 287; 9 *Sm. & M.* 448; 10 *Ib.* 120, 631.) And in Massachusetts and Indiana, where by express statute a mortgage cannot be legally transferred in any other way than by

deed, it has been held by decision that a parol assignment of the debt passes the mortgagee's interest in equity. (8 *Pick.* 49; 7 *Blackf.* 297.)

Other decisions might be referred to, showing a recognition of this same principle in other States, but it must be unnecessary.

The true and only rational doctrine that can be established, is that a mortgagee has not, in virtue of his mortgage, an absolute fee in the land, but merely a lien upon it as collateral security for the payment of his debt; that his mortgage interest is but an incident of the debt, and consequently must follow the debt, and when the debt is paid his lien upon the land is discharged, and that therefore the mortgage is nothing more than a *chose in action*, and the mortgagee's interest therein, before foreclosure and sale, a mere chattel interest, which may be transferred without the execution of a deed or other instrument in writing, where the statute does not require the transfer to be made by deed. In this State, the statute contains no such provision. If Rogers, the assignee of the plaintiff, should file a bill in equity to foreclose the mortgage, no doubt could exist as to the competency of the assignment, as proof to show that the entire interest of the mortgagee, in the debt and security, had been transferred to himself.

If it would be competent for that purpose in a court of equity, it should, upon principle, be competent for the same purpose in a court of law. No sound reason has ever been assigned, either in the books or at the bar, why the same evidence received in a court of equity should not be received in a court of law, when offered to prove the same fact. It is true that courts of law and courts of equity are differently constituted, and that their jurisdiction and powers are different, in respect to facts and circumstances when proved; but in general, the rules of evidence are the same at law as in equity, and the principles which govern the means of ob-

taining proof are substantially the same in the one court as in the other, and the rules of property, and the rules of interpretation, are, or should be, the same in both.

The defendant, on the trial, after proving the execution of the assignment, offered to read it in evidence, not as a deed of conveyance of real estate, but as evidence to show that the plaintiff had, before the commencement of the suit, sold and transferred to another his entire interest in the bond and mortgage, and that, therefore, he had no right, as mortgagee, to the possession of the mortgaged premises, and consequently no cause of action. For this purpose, the assignment should be, and in the opinion of this Court is, equally as competent in that court, as it would have been in a court of equity. Courts of law are as much bound to protect the assignee of a mortgage, in his equitable rights, as courts of equity.

It is time that mortgages and mortgage controversies were stripped of legal fiction—of all unnecessary legal *technicality*—and that courts of law, as well as courts of equity, in settling the rights of parties in this class of cases, should more particularly regard and carry out the real contract of the parties, in its substance and intent.

The doctrine of a mortgage being a mere incident of the debt, is founded in a true view of the mortgage contract, and as in fact intended by the parties, and not of its forms. The mortgage is only in fact intended by the mortgagor, and so understood by the mortgagee, as a collateral security for the ultimate payment of the debt, and not as a sale of the premises. And, as we think, that principle of common law which authorized a mortgagee to recover by action of ejectment the possession of the mortgaged premises before title thereto should become absolute, upon a foreclosure and sale, has been wisely abrogated by the Legislature of this State; although that can have no bearing upon the case at bar, as the bond and mortgage in question were executed several years prior

to the adoption of the Revised Statutes of 1846, which contains the provision alluded to.

Let it be certified to the Circuit Court for the County of Wayne, as the opinion of this Court, that the assignment was properly admitted in evidence, and that the plaintiff is not entitled to a new trial.