## Jerome Pease v. Stephen Warren.

*Mortgages: Notes payable at bank: Endorsement: Foreclosure.* The assignee of a mortgage given to secure notes made payable at a bank, who has presented the notes at their maturity, and the mortgage and the assignment thereof, at the bank for payment, which was refused upon an objection that the notes were not endorsed by the payee, is not precluded from foreclosing the mortgage by the fact that the mortgagor had deposited in the bank in his own name the money to pay the notes.

*Deposit: Payment.* Such a deposit with instructions to the officers of the bank to apply it on the notes, which they refused to obey, would not place the money subject to the order or control of the holder of the notes, and therefore would not operate as payment.

*Note payable at bank: Agency: Payee: Maker: Payment.* Making a note payable at a bank does not so far make the bank the agent of the payee, as that such a deposit with such instructions will operate as payment so long as the officers of the bank, assuming to act on behalf of the maker, on demand of payment decline upon an untenable objection to pay over the money, or place it subject to the order or control of the payee.

*Mortgages: Notes payable at bank: Assignment: Endorsement: Owner: Payment.* Where a mortgage given to secure a note made payable at a bank has been assigned without the endorsement of the payee upon the note, the officers of the bank holding the money of the mortgagor for payment of the mortgage are not justified when the note and mortgage and the assignment are presented by the assignee for payment, in declining payment upon the objection that the note is not endorsed by the payee; the formal assignment, duly acknowledged and recorded, would be the best possible evidence of ownership, and the real owner would be entitled to demand and receive payment, whether the note is endorsed or not.

*Mortgages: Assignee: Foreclosure: Assignment.* The assignee of a mortgage is entitled to foreclose in equity on proof of his purchase, without any written assignment.

29 MICH.—2.

*Mortgages : Payment: Refusal.* The refusal of the bank, under such circumstances, to make payment on demand, is the refusal of the maker of the note, and the result is no different from what it would be if the latter in person should make an exhibit of the money, but refuse on an untenable ground to pay or tender it.

*Heard January 13. Decided January 27.*

Appeal in Chancery from Ionia circuit.

*A. Williams,* for complainant.

*Lemuel Clute,* for defendant.

COOLEY, J.

This was a bill to foreclose a mortgage given by defendant to Jerome F. Pease to secure the payment of certain notes also given by defendant and payable to the order of said Jerome F. Pease, at the Exchange Bank of Greenville.

The mortgage was afterwards, and before the occurrences hereinafter mentioned, assigned with the notes, by the mortgagee to the complainant, by an instrument in writing duly acknowledged and recorded, but the notes were not endorsed. On the 19th day of April, 1872, there fell due on the notes $103 83, and an agent of the complainant presented the notes at the counter of the bank for the payment of this amount, but payment was refused by the officers of the bank because the notes were not endorsed by the payee. Defendant had previously, on the same day, deposited in the bank, to his own credit, the sum of $105 00, for the purposes of this payment, and the money remained there when the notes were presented. On the third day of May, 1872, complainant filed the bill in this cause, and took out subpœna, but before making service, his solicitor proceeded to the bank and again presented the notes and also the mortgage and assignment thereof, and again demanded payment of the amount due, which was again refused for the reason before given. These facts present all the questions which arise in the case. The circuit court dismissed the bill, with costs.

In support of the decree below it is urged that where a note is made payable at a bank, the bank is thereby made the agent of the payee for the purpose of receiving payment, and consequently the deposit in the bank in this case was equivalent to a payment to complainant. It is a sufficient answer to this position in the present case, that defendant placed the money in this instance to his own credit in the bank, and not to the credit of complainant, and it never, for a moment, was subject to complainant's order or control. It is true that defendant seems to have informed the officers of the bank that it was to be applied on these notes, but the notes were not there; it was not applied in fact, and the officers assuming to act on his behalf, refused to apply it. It cannot be pretended that making a note payable at a bank can make the bank the agent of the payee to receive payment. unless the officers are disposed to accept the agency; and in this case the refusal was distinct and emphatic, for they not only retain the money as the property of defendant, and keep it as a deposit to his credit, but they deny the right of the complainant to receive it until he shall present the notes with the payee's indorsement. There is no room here for any argument that they assumed to be acting in behalf of complainant, and we are not called upon to consider what would have been the position of the case had the bank assumed, as agent for the complainant, to pass the money to his credit. The money has always stood to defendant's credit, and is subject to his order now.

The complainant would seem, then, to be entitled to maintain this bill, unless, as matter of law, the bank officers were right in insisting that the notes must be endorsed by the payee before he was entitled to demand payment. It has been seen that this was the specific objection made to complainant's right to receive payment, and none other can be urged now. And this objection, clearly, is not tenable. The endorsement would have been necessary to enable him to sue at law on the notes in his own name,

but if he was the real owner he was entitled to demand and receive payment whether they were endorsed or not, and the formal assignment, duly acknowledged and recorded, was the best possible evidence of ownership. Even if there had been no written assignment, complainant would have been entitled to foreclose in equity on proof of his purchase.—*Cooper v. Ulmann, Walk. Ch., 251; Dougherty v. Randall, 3 Mich., 581; Martin v. McReynolds, 6 Mich., 70.*

To sum up this whole controversy in a single sentence, it is this: complainant has presented his obligations where defendant had money to pay them; but the persons acting on defendant's behalf refused to make payment unless he would present further evidence of his title, which they had no right to demand. This refusal is the refusal of defendant, and the case is no different from what it would have been had the defendant in person made an exhibit of the money, but refused on any untenable ground to pay or tender it.

The decree must be reversed, with costs, and the cause remanded with directions to enter the usual decree of foreclosure and sale in the court below.

CAMPBELL, J., and GRAVES, CH. J., concurred.

CHRISTIANCY, J., did not sit in this case.