ADDISON B. MORELAND AND FRANK MORELAND v. GEORGE N. HOUGHTON, ANNA H. GARDNER, AND CHARLES H. VAN WAGONER.

*Mortgage—Validity of assignment—Foreclosure.*

1. Where, pursuant to the verbal instructions of the mortgagee, an agent executes an assignment of the mortgage, and delivers both instruments to the assignee, a sufficient title to the mortgage is transferred to the assignee to entitle him to foreclose it in equity.

2. Where, in such a case, it appears that the purpose of the transfer of the mortgage was to secure the assignee as surety, the fact that the assignment does not in terms purport to convey any right or title in the mortgage notes or debt will not prevent the vesting in the assignee of a beneficial interest in the mortgage.

3. The only question open to contest by the mortgagee in such foreclosure suit, in which he is made a defendant, is the superiority of complainant's title to his, and he cannot complain because of the non-production of the original mortgage notes, or a failure to account for their absence by satisfactory proof.

Appeal from Tuscola. (Beach, J.) Submitted on briefs January 18, 1893. Decided February 3, 1893.

Bill to foreclose a mortgage. Defendant Van Wagoner appeals. Affirmed. The facts are stated in the opinion.

*Atwood & Caskey (E. F. Bacon,* of counsel), for complainant.

*Charles R. Mains,* for appellant.

MONTGOMERY, J. Complainants filed a bill to foreclose a mortgage given by Houghton to Perkins & Co., dated January 14, 1882, for $311, on land situated in the township of Novesta, in the county of Tuscola. On the 7th day of February, 1884, Perkins & Co. assigned this mortgage, and indorsed the notes secured by it, to the defendant Van Wagoner, for a consideration, as stated in the assignment, of $155.

Complainants, in their bill of complaint, allege that said defendant Van Wagoner has assigned to them his interest in the mortgage as security for their indorsement upon a note in bank, which they claim to have paid, and to secure them also for the sum of $26.50, advanced to pay a livery bill owing by Van Wagoner. The defendant Van Wagoner answered, and denied the assignment of the mortgage by him to complainants. The defendant Gardner

answered, and the defendant Houghton permitted the bill to be taken as confessed.     Testimony was taken in open court, and a decree rendered in favor of complainants for $125, from which decree defendant Van Wagoner alone appeals.

It appears by the testimony that the complainants indorsed a note for $160 for Van Wagoner at the Caro Exchange Bank in 1883, and that this note was renewed, from time to time, for about a year, when Van Wagoner made default, and failed to attend to the renewals; that at that time Van Wagoner was the owner of the mortgage in question, and all the notes secured by it; that these notes and the mortgage were in the possession of a Mr. Getty, an agent of Van Wagoner.   Complainant Addison B. Moreland testified that, about the time the note became due, he saw defendant Van Wagoner, and spoke to him about the note; that Van Wagoner told him that he held this mortgage on real estate in Novesta, and would authorize Mr. Getty, who was present, to assign the mortgage as collateral security upon the note, and for the payment of the livery bill of $26.50.   Getty afterwards delivered the mortgage, with an assignment, to complainants, which he executed as the attorney of Van Wagoner.

Various objections were urged in this Court, and such as we think deserving of notice will be referred to.

It is claimed that authority of the agent to make the assignment of the mortgage in question was not shown to have been in writing.   We think this was not essential. Whether at law or not the written assignment be sufficient to authorize a foreclosure, the delivery by the agent in pursuance of instructions of the owner would be sufficient to have transferred a title to this mortgage, entitling complainant to maintain a bill of foreclosure in equity.   See *Pease v. Warren*, 29 Mich. 9.

It is claimed that, as the assignment does not in terms

purport to convey any right or title in the debt or notes, it does not carry any beneficial interest to the assignees. But it is shown by the undisputed testimony that the purpose of the transfer of this mortgage was to furnish security to the complainants for their indorsement, upon which they were liable. It would be directly contrary to the intent of the parties to hold that the complainants have no beneficial interest in the mortgage.

Complaint is also made that the complainants did not produce the original notes secured by the mortgage, nor account for their non-production by satisfactory proof. If it be assumed that the defendant is correct in this contention, it is not a fact of which he can complain. The mortgagors and the owners of the equity of redemption might be entitled to raise this question, but it cannot affect the appealing defendant, as the only question which he is in this Court entitled to contest on the record is the superiority of complainants' right to his.

We have examined the record, and think the conclusions of the circuit judge upon the facts were fully sustained by the testimony.

The decree will be affirmed, with costs.

The other Justices concurred.