## Ormond Dutton vs. Warren Ives and Others.

As a general rule, the assignee of a mortgage takes the same subject to all equities existing against it in the hands of the assignor.

But where the mortgage is given to secure the payment of negotiable paper, the assignee who takes the same for a valuable consideration, before it is due, and without notice of any existing equities, is not affected by any such equities.

The record of an instrument not by law entitled to record, is notice to no one.

Land was conveyed which was subject to a mortgage, the seller taking back a mortgage to secure a negotiable note for part of the purchase-price, and giving the purchaser an agreement to pay off and discharge the first mortgage, and, in case of his failure to do so, that the purchaser might pay it, and have the amount applied on the mortgage given by him. This agreement was witnessed, acknowledged, and recorded. *Held,* That, as such instrument was not the subject of record, an assignee of the second mortgage who received the same for a valuable consideration, before it was due, and without actual notice of this 'agreement, was not affected thereby.

Where one owning the equity of redemption of lands which are subject to two mort-
gages, buys in the first, and takes an assignment thereof to himself, such mort-
gage is not thereby merged in the inheritance.

*Heard July 14th.   Decided October 14th.*

Appeal from Clinton Circuit in Chancery.

The bill in this case was filed against Warren Ives, Wil-
liam Walker, and Cyllania Walker, to foreclose a mortgage
executed by the Walkers to Morris S. Allen, bearing date
January 14th, 1854, recorded in the office of the register of
deeds for Clinton county, February 6th, 1854, and assigned
to the complainant, December 29th, 1855, by one Joseph
Hollister, who was the assignee of the said Allen; which
mortgage was given to secure the payment of a negotiable
note of $650, in annual installments running through seven
years. The bill contains the usual prayer for an account,
foreclosure and sale, &c. It was taken as confessed by the
Walkers, and the defendant Ives appeared and answered.

The answer admits all the facts alleged in the bill, and
sets up a defense that the said note and mortgage were
given to secure a balance of purchase-money of the premises
described in the mortgage, which were sold and conveyed
by Allen to the defendant William Walker, by warranty
deed, at the same date of the said mortgage; that at the
time of said conveyance, the premises were encumbered by a
mortgage executed by one Cobb to William W. Forsyth
and Douglass Forsyth, dated July 10th, 1849, and recorded
December 20th, 1849, to secure the payment of $284.46, in
four installments, the last payable within four years there-
after; and that, as a part of the transaction of the said
sale and purchase, the said Allen executed and delivered
to said William Walker an agreement in writing, that, in
consideration of the premises, he (Allen) would pay off
and discharge the said last mentioned incumbrance without
any trouble or expense to said Walker; and also that the
first installments of the said mortgage from the Walkers to
Allen, if paid to the said Allen, should be by him applied

to the payment of the said Forsyth mortgage; or, if said Walker should see fit, himself, to pay said Forsyth mortgage, then the amount so paid by him should so far apply as a payment upon the said mortgage from Walker to Allen; which agreement bore date, and was duly acknowledged, January 14th, 1854, and was recorded in the office of register of deeds for Clinton county, in the record of deeds.

The answer further sets up that on the 9th of February, 1854, the said Walkers duly conveyed the said premises, and on the 15th of March, 1856, duly assigned the said agreement to one Mortimer Ives; that the said Allen having neglected to pay the said Forsyth mortgage, or any part of it, the said Mortimer Ives, on the 12th of February, 1856, purchased and had duly assigned to him the said Forsyth mortgage, and the bond accompanying the same, and paid therefor the sum of $325.54, which was the amount then due upon the same; that on the 25th of December, 1854, the said Mortimer Ives paid upon the said note and mortgage from the Walkers to Allen the sum of $142.65; that the said Mortimer Ives has since deceased, and that defendant Warren Ives, is the father and sole heir of said Mortimer Ives, and is now in possession of the premises in question.

And the defendant Ives, in his answer, claims to have the sum, so paid by Mortimer Ives for the purchase of the Forsyth mortgage, applied as a payment upon the mortgage from the Walkers to Allen; and that, if so applied, then there was nothing due upon the last mentioned mortgage at the time of filing the said bill.

There was no replication, and the cause was heard upon the bill and answer as to the defendant Ives, and *pro confesso* as to the defendants Walker.

Some of the facts above stated are not contained in the answer, but were supplied at the hearing, by stipulation in writing, which is made a part of the record.

The Circuit Court refused to allow to the defendant Ives the sum paid for the Forsyth mortgage, and referred the

case to a circuit court commissioner, to report the amount due and to become due upon the said Walker mortgage; and on the coming in of his report, final decree was entered for payment, sale, &c.

The defendant Ives appealed to this Court. ·

*J. W. & E. Longyear*, for complainant:

1. The agreement between Allen and Walker not being by law entitled to record, the record of it is no notice to any one.— 6 *McLean*, 15; 3 *Ibid.* 63; 12 *S. & M.* 261; 9 *Ibid.* 201; *Walk. Ch.* 182; 5 *Mason*, 244; 1 *Strob. Eq.* 393. A subsequent purchaser would be affected only by such actual notice as amounts to a fraud.— 1 *Johns. Ch.* 300; 4 *Wheat.* 456; 6 *B. Monr.* 372; 8 *Vt.* 172.

2. Mortimer Ives did not *pay*, but *purchase*, the Forsyth mortgage, and therefore could not, by the terms of the agreement, have any claim to have the amount applied on this mortgage. And in any event, it could not be applied on this as against the complainant, as the purchase was subsequent to the assignment to complainant.

3. Ives is in effect seeking *affirmative relief* by way of a specific performance of Allen's agreement. This can not be done by way of answer merely, nor without making Allen a party, and then showing a privity between Allen and Dutton, by way of full and explicit notice, to the latter.— 2 *Barb. Ch. Pr.* 126; *Lube Eq. Pl.* 39.

*R. Strickland*, for defendant Ives:

The assignee of the mortgage took it subject to all equities existing against it at the time of the assignment, though he had no notice of such equities.— *Miner vs. Hoyt*, 4 *Hill*, 193; *Niagara Bank vs. Rosevelt*, 9 *Cow.* 409; *Chamberlain vs. Day*, 3 *Cow.* 353; *Chamberlain vs. Gorham*, 20 *Johns.* 144; *Niagara Bank vs. McCracken*, 18 *Johns.* 493.

The payment of the sum due on the Cobb mortgage by Mortimer Ives, and the assignment of the same to him, satisfy

and discharge the same, for the reason that such mortgage became merged in the greater title then held by Mortimer Ives.—*Jackson vs. Roberts,* 1 *Wend.* 478.

MANNING J.:

If we admit Ives has made out a case that would entitle him to have the Cobb mortgage apply in payment of the Walker mortgage, as against Allen, the mortgagee, it can not avail him in the present suit brought by Dutton, the assignee of the mortgage. The assignee of a mortgage takes it subject to all equities existing between the mortgagor and mortgagee. This, as a general rule, is correct, but, like most general rules, it has its exceptions; and the case before us is one of them.

The mortgage is for the payment of Walker's promissory note, given to Allen, and made payable to him, or bearer, with interest, in installments. The first installment had been paid, and the others were not due when the assignment was made to complainant, who, at that time, had no knowledge of the written agreement between Allen and Walker. In an action at law on the note, by complainant against Walker, the payment of the Cobb mortgage by Walker would be no defense; and as the liability of Walker and of the mortgaged premises are co-extensive for its payment, and Walker is liable, so are the mortgaged premises. — *Reeves vs. Scully, Walk. Ch.* 248; 3 *Chand.* 94; 4 *Ibid.* 153.

The written agreement between Allen and Walker was recorded before the assignment to complainant; and it is insisted the record is notice to complainant.

The instrument is not one entitled to record under the registry law, and the record therefore is notice to no one. The object of registry laws is to protect subsequent *bona fide* purchasers against prior purchasers whose deeds have not been recorded. There is no question here between different purchasers of the mortgaged premises from Allen, or between the different assignees of the Walker mortgage from him.

There was no merger of the Cobb mortgage. The Walker mortgage, intervening between it and the fee, was sufficient to prevent a merger; while the formal assignment of the mortgage to Mortimer Ives, when he paid it, shows his intention to keep it alive as a subsisting incumbrance on the estate. And on his death it passed to his personal representative, and not to his father, who inherited the land, unless it was kept alive for the protection of the inheritance, in which case, it probably would. But it is not necessary to decide that point, and we give no opinion upon it; more especially as the personal representative of Mortimer Ives is not a party before us.

The decree of the Court below must be affirmed, with costs.

All the Justices concurred.