### Edwin Nichols v. George W. Lee.

Where one pays a mortgage as the agent and with the funds of the mortgagor, and instead of having it discharged, causes it to be assigned as security for a debt owing by himself, the assig~ee cannot hold the mortgage as against the mortgagor or his heirs.

Nor can any one who takes an assignment from the assignee thereby acquire any better title than the assignee himself .had.

Where a mortgage has been assigned, any equities between the assignee and the mortgagor affect the mortgage in the hands of any subsequent assignee.

A petition by the guardian of a minor to the Probate Court for license to sell lands of his ward, stating that a part only of the land was under improvement and the balance unproductive; that it is necessary a portion of the proceeds of the land should be used to pay certain debts incurred in behalf of the ward, and that in the opinion of the petitioner it would be for the interest of the minor to have the land sold, and the proceeds, after paying the debts, put out at interest, is a sufficient compliance with the statute.

*Heard October 10th. Decided October 28th.*

Appeal in Chancery from Livingston Circuit, where decree had been granted dismissing the bill.

*G. V. N. Lothrop* for complainant:

The existence of the jurisdictional facts upon which license was granted by the Probate Court for the sale of lands, cannot be inquired into in this suit. Where the jurisdiction of a court depends upon certain facts, the existence of which must be determined by the Court in the exercise of its jurisdiction, such determination is conclusive in all collateral actions. For the determination of the Court is " an adjudication upon all the facts neces- sary to give jurisdiction, and whether they existed or not is wholly immaterial if no appeal is taken."— 1 *B. & B.* 432; 12 *Pick.* 572; 3 *Pet.* 204; 2 *How.* 340; 14 *How.* 586; 29 *Mo.* 141; 32 *Penn.* 356; 4 *Iowa,* 361; 1 *Md. Ch.* 107.

In this case the petition shows the necessity of pay- ing expenses of the wards, and the advantage to them to have the lands sold and the proceeds invested, at interest or otherwise. There is an adjudication of the Court that the facts· set out in the petition exist, and all

NICHOLS v. LEE.

the requisites of a valid sale (*Comp. L.* § 3116) appear:
17 *Mo.* 449; 2 *Cush.* 190; *Howard v. Moore*, 2 *Mich.* 231;
*Coon v. Fry*, 6 *Mich.* 506. But as Lee does not claim
title from or through the minors, it was only necessary
that it appear that there was a license to sell by a competent court, and a deed duly executed thereunder: —
*Comp. L.* § 4118.

The testimony clearly shows a payment of the mortgage
by Brown. As he was bound to extinguish Stockwell's
interest, when he did so, whatever form he gave it will
operate as a payment in favor of the Polly Brown title: —
1 *Hill. on Mort.* 494; 1 *Washb. on Real Pr.* 565; 3
*Cush.* 554; 6 *Johns. Ch.* 395; 7 *N. H.* 100.

*O. Hawkins*, for defendant:

The application of the guardian for leave to sell the
lands was not sufficient. It should have disclosed the facts
and circumstances, that the Judge of Probate might be
able to decide whether there was sufficient ground or not.
This is evident from various provisions of the statute: —
*Comp. L.* §§ 3319, 3094, 3095. The petition in this case
did not set forth the condition of the estate, or any facts
or circumstances tending to show the necessity or expediency of the sale. But it did show that the sale was
asked upon grounds that gave the Judge no authority under
the statute: — *Wal. Ch.* 145; *Platt v. Stewart*, 10 *Mich.*
261.

But the record shows that complainant bought these
premises at the guardian's sale subject to this mortgage.
He is therefore estopped from alleging that it was paid:
*Wanzer v. Blanchard* 3 *Mich.* 11.

MANNING J.:

The bill is to restrain the foreclosure of a mortgage
at law, and to have the mortgage cancelled and discharged
of record.

The mortgage was given by Mrs. Brown to Stockwell, assigned by Stockwell to Dillingham after it fell due; by Dillingham to Roberts, and by him to the defendant Lee.

The bill states the mortgage was paid by John Brown, the husband of Mrs. Brown, with means furnished him for that purpose by Mrs. Brown, on his undertaking to pay the mortgage and have it discharged of record. This we think is clearly proved by the testimony in the case. It further states that Brown, on paying Stockwell, instead of having the mortgage discharged procured an assignment of it to Dillingham, to defraud the heirs — children by a former husband of Mrs. Brown, who had in the mean time died. The answer states that the mortgage was purchased by Brown of Stockwell, and assigned by him at Brown's request to Dillingham to secure a debt Brown was owing him. Dillingham in his testimony says it was assigned to him at Brown's request, to secure a debt of between $25 and $30 Brown was owing him, and to secure him for any further indebtedness that might accrue to him if he foreclosed the mortgage. There is no pretence he paid Stockwell anything, or that he furnished Brown with any part of what he paid Stockwell. We know of no principle in equity giving him, in such circumstances, rights superior to what he would have had had Stockwell assigned to Brown, and then Brown to him. As against Brown himself, the heirs of Mrs. Brown would have a clear right to have the mortgage cancelled; and what they would be entitled to against him, they would be entitled to against his assignee, or the assignee of such assignee. The assignee of a mortgage takes it subject to all equities existing between the parties to it. Not between the mortgagor and mortgagee only, but between the mortgagor and assignee of the mortgagee who has assigned it to another. When a mortgage is assigned, the assignee, for all beneficial purposes claimed under it by him, becomes a party to the mortgage, and stands in the place of the mortgagee; and

NICHOLS v. LEE.

any equities between such assignee and the mortgagor affect the mortgage in the hands of his assignee.

As to complainant's interest in the mortgaged premises, and consequently his right to file the bill, it was argued that the guardian's deed of the three undivided fourths belonging to the minor heirs was void for want of jurisdiction in the Probate Court granting the license to sell, as the petition for the license did not comply with the statute.

The statute provides that, in order to obtain a license to sell, the guardian shall present to the Probate Court of the county in which he was appointed guardian, a petition therefor, setting forth the condition of the estate of his ward, and the facts and circumstances on which the petition is founded, tending to show the necessity, or expediency of a sale. *Comp. L.* § 3099. The petition describes the land; states that about thirty acres of it were under improvement, and that the balance of it was wild and uncultivated and yielded no income to the minors. That it was necessary a portion of the proceeds of the land should be used to pay certain debts incurred in behalf of the minors, and that in the opinion of the petitioner it would be for their interest to have the land sold, and the proceeds after paying the debts put out at interest.

We think the petition complies with the requirements of the statute.

The decree dismissing the bill must be reversed, and a decree be entered for complainant in accordance with the prayer of the bill, with costs.

The other Justices concurred.