## JOHN W. CISNE

*v.*

## ABRAM CHIDESTER.

1. ASSIGNEE *before maturity.* Where a promissory note is indorsed and there is no evidence of the time of the indorsement, or tending to charge the assignee with notice, he will be presumed to be a *bona fide* holder, for a valuable consideration, before maturity, and the question of a want or failure of consideration can not arise in a suit on the note by such assignee.

2. PROMISSORY NOTE—*when payable.* A promissory note made payable on a day named, "or before, if made out of the sale of J. B. Drake's horse hay fork and hay carrier," "with use," is payable, at all events, on the day named, with six per cent per annum interest from date.

APPEAL from the Circuit Court of Wayne county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Messrs. ROBINSON, BOGGS & JOHNS, and Messrs. HANNA & ADAMS, for the appellant.

Mr. RUFUS COPE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action, brought on the 13th day of December, 1875, by Chidester, the indorsee, to recover upon a promissory note as follows:

" $120.　　　　　　　　　　　　　*May* 2, 1871.

"On the first day of September, 1871, (or before, if made out of the sale of J. B. Drake's horse hay fork and hay carrier,) I promise to pay James B. Drake, or order, one hundred and twenty dollars, for value received, with use.

　　　　　　　　　　　　　　　" JOHN W. CISNE.

" *Witness:* GEORGE W. SCHROYER."

On which are the following indorsements:

" Pay to the order of H. E. Chamberlain.

　　　　　　　　　　　　　　　"J. B. DRAKE."

" Pay to the order of Abraham Chidester.

　　　　　　　　　　　　　　　" H. E. CHAMBERLAIN."

The plaintiff recovered, and the defendant appealed to this court.

The court below gave to the jury, on the request of the plaintiff, the following instructions—which is assigned as error:

" No. 1. The court instructs the jury, for the plaintiff, that in the hands of an assignee, before maturity, the question of consideration does not arise until it is shown by evidence that the assignee purchased the note with actual knowledge of the want of consideration.

" No. 2. The court instructs the jury for plaintiff that the note read in evidence is, in its effect, payable absolutely on the 1st day of September, 1871, with interest of six per cent from date, and if the jury find for plaintiff they should so construe the note."

The pleas were, the general issue, and fraud and circumvention in obtaining the making of the note.

There was no evidence whatever as to the time of the indorsement of the note, or of any want of good faith in or notice to the indorsee in respect to the consideration of the

note, or the circumstances under which it was given, more than appears upon the face of the note itself. The plaintiff was presumed to be a *bona fide* indorsee of the note for a valuable consideration. As against the plaintiff, there was, under the evidence, no question of consideration before the jury, and the giving of the first instruction could form no just cause of complaint.

The construction of the note was a question of law, and for the court. The proper construction was put upon the note. *McCarty* v. *Howell*, 24 Ill. 341; *Ernst* v. *Steckman*, 74 Penn. 13.

The evidence sustained the verdict. The judgment is affirmed.

*Judgment affirmed.*