### JOHN JUDGE v. SOPHIA VOGEL.

[CALENDAR No. 3714.]

*Assignment of Chattel Mortgage.*

Where a chattel mortgage that is given for a fixed sum but really to secure future advances, of which none are made, is assigned in good faith and for value to one who supposes it to be given for an actual indebtedness, the assignee obtains no greater rights than the mortgagee had, unless it is given to secure negotiable paper, when, if the assignment is made before maturity, he holds the paper and the mortgage discharged of pre-existing equities.

Error to Mason. Submitted Jan. 17. Decided April 9.

REPLEVIN. Defendant brings error.

*E. N. Fitch* for plaintiff in error.

*White & Haight* for defendant in error. The assignee of a non-negotiable instrument has no greater rights under the instrument than his assignor, *Davies v. Austen*, 1 Ves. Jr., 247; *Bebee v. Bank of New York*, 1 Johns., 552; *Clute v. Robison*, 2 Johns., 612; *Ingraham v. Disborough*, 47 N. Y., 421; *Trustees etc. v. Wheeler*, 61 N. Y., 88; *Matthews v. Wallwyn*, 4 Ves., 126; *Carpenter v. Longan*, 16 Wall., 271–275; *Rockwell v. Daniels*, 4 Wis., 432; *Scott v. Shreeve*, 12 Wheat., 605; *Walker v. Johnson*, 13 Ark., 522; *Timms v. Shannon*, 19 Md., 296; *Bacon v. Warner*, 1 Root (Conn.), 349; *Guerry v. Perryman*, 6 Ga., 119; *Willis v. Twambly*, 13 Mass., 206; *Johnson v. Pryor*, 5 Hayw., 243; *Sharpe v. Eccles*, 5 T. B. Mon., 72; *Conover v. Van Mater*, 18 N. J. Eq., 481; *Faull v. Tinsman*, 36 Penn. St., 108; *Ketchum v. Foot*, 15 Vt., 258; *Mosteller v. Bost*, 7 Ired., Eq., 39; *Smith v. Rogers*, 14 Ind., 224; *Gray v. Thomas*, 18 La. Ann., 412; *Shotwell v. Webb*, 23 Miss., 375; *Kleeman v. Frisbie*, 63 Ill., 482; *Warner v. Whittaker*, 6 Mich., 136; *Bloomer v. Henderson*, 8 Mich., 402.

COOLEY, J. The only question presented by this record is, whether, where a chattel mortgage is given for a sum named, but really to secure future advances, and none have been made, but the mortgagee assigns it to one who supposes it to be given for an actual indebtedness, the assignee, if he takes it in good faith and for value, is entitled to hold it as a security for the sum named in it. The circuit judge ruled that he would have in it no rights superior to those of the mortgagee.

We cannot see how this conclusion can be questioned. It is only a new application of the rule laid down in *Ladue v. Detroit & Milwaukee Ry. Co.*, 13 Mich., 380. It is true it has been held in this State that if a mortgage is given to secure negotiable paper, the assignee of this paper and of the mortgage, if he becomes such in good faith for value and before maturity, may hold them discharged of pre-existing equities; *Reeves v. Scully*, Walk. Ch., 248; *Dutton v. Ives*, 5 Mich., 515: but where it does not secure negotiable paper, the rule is the other way. *Russell v. Waite*, Walk. Ch., 31; *Nichols v. Lee*, 10 Mich., 526. There was no such paper in this case.

The judgment must be affirmed with costs.

The other Justices concurred.