(77 N. W. Rep. 284.)

----

FREDERICK STOLZMAN *vs.* HENRY WYMAN, *et al.*

Opinion filed November 11, 1898.

**Bills and Notes—Payment—Estoppel.**

The fact that the indorsee of a negotiable promissory note permits or authorizes the original payee to collect the interest upon such note as it becomes due, and delivers to the said payee the coupon notes, to be delivered to the party making the payments, and the further fact that such party makes said interest payments, believing without inquiry, that such original payee is the owner of said note, do not estop said endorsee, who has kept the principal note in his possession at all times since its indorsement to him, and who has never in any manner authorized the original payee to collect the principal of said note, and who never in fact received said principal or any part thereof, from enforcing payment against one standing in the shoes of

the maker of such note, who forwarded the full amount of the principal of said note to the original payee. Hollinshead v. John Stuart & Co., ante poge 35 followed.

### Implied Agency.

 ꜝ The fact that a negotiable promissory note is made payable at a particular office does not make the party in charge of said office the agent of the holder of such note, to receive payment, unless the note be actually in the possession of such party. Same authority.

Appeal from District Court, Cass County; *Pollock, J.*

Action by Frederick Stolzman against Henry Wyman, as receiver of the Globe Investment Company, and Benjamin Gathercole. There was a judgment for plaintiff and defendant Gathercole appeals.

Reversed.

*Morrill & Engerud,* for appellant.

*Benton & Bradley,* for respondent.

BARTHOLOMEW, C. J. Action by Fredrick Stolzman to quiet title in himself to a certain tract of land in Cass County. Plaintiff claims ownership by purchase from one William Schultz on or about March 15, 1892, and alleges that the defendants claim an estate or interest in said land adverse to the plaintiff, and asks that they be required to disclose the nature of their interest. Henry Wyman was sued as receiver of the Globe Investment Company. He makes no appearance. The defendant Benjamin Gathercole answered in denial, and also by way of counterclaim, wherein he alleged that William Schultz, plaintiff's grantor, on the 15th day of July, 1889, executed and delivered to the Globe Investment Company his promissory note, with coupon interest notes attached, for the sum of $1,300, with interest at the rate of 7 per cent. per annum, payable semi-annually, with a further provision that in case said note was not paid at maturity the interest then remaining unpaid should draw interest at the rate of 12 per cent. per annum (both principal and interest being payable at the office of the Globe Investment Company, in Boston, Mass.); that, to secure the payment of said note and interest, the said Schultz executed and delivered to said Globe Investment Company a mortgage upon the land here in controversy, which said mortgage was duly recorded in the proper county; that the defendant Gathercole on or about July 30, 1889, duly purchased said note and mortgage from said investment company, paying therefor the full face value thereof, and the said note was duly indorsed by said investment company and delivered to said defendant, and said mortgage was duly assigned and delivered to defendant, but said assignment was never recorded in the county where the land is situated; that said defendant is now the owner and holder of said note and mortgage, and that the principal sum of said note, with interest as therein provided, since the maturity thereof, is due and entirely unpaid; further, that when plaintiff purchased said land from said Schultz

the amount of said note was treated as a part of the purchase price, and plaintiff assumed and promised and agreed to pay the same. Upon this counterclaim the usual judgment and decree of foreclosure, with judgment for deficiency against plaintiff, is prayed. We find in the record no reply to this counterclaim, but the case was tried upon the theory that a reply setting up an equitable estoppel had been served, and we shall so treat it. On the trial there was no dispute about the facts. An agreed statement was filed, including the substantial allegations of the pleadings as above set forth, and stating further that, after the purchase of the land by plaintiff, he forwarded the money to pay the interest upon said note, as the same became due, to the Globe Investment Company, at Boston, Mass., and received from said investment company the coupon notes; that shortly after the maturity of said note, to-wit, on July 20, 1894, the said plaintiff forwarded to said investment company the full amount of the principal of said note; that the interest money so forwarded was accounted for by said investment company to said defendant Gathercole, but that no part of the principal had ever been received by said defendant. Plaintiff rested upon this agreed statement, and the defendant read in evidence his own deposition, taken at the City of Colebrooke, in the State of New Hampshire, from which it appears that he is the owner of the note and mortgage; that such instruments were in his possession in said City of Colebrooke at all times from the date of purchase, about July 30, 1889, until sent to his attorneys in this case; that they were never, after said purchase, in the possession of the Globe Investment Company; that he never authorized said investment company to collect the principal of said note, and had no knowledge whatever that the same had been collected by said company until after it went into the hands of a receiver; and that he had never received any part of said principal sum. The note and mortgage were introduced, and the case submitted to the Court, and a decree rendered for plaintiff.

We have stated the facts thus at length in order to show that this case, in its every phase, is covered by the decision of this Court in *Hollinshead* v. *John Stuart & Co.*, 8 N. D. 35, 77 N. W. Rep. 89. In that case we took occasion to enter at some length into the investigation of the question of equitable estoppel in pais. We at first reached a conclusion sustaining an estoppel, under the facts. But upon a rehearing, and upon further argument, and a more careful and extended examination, we reversed our first determination, and held that the facts did not constitute an estoppel. The facts in that case were in all material parts identical with the facts in the case at bar. That decision must control this case. Plaintiff did not make payments to the investment company as the agent or ostensible agent of any party. He paid to it, blindly believing that it was the owner of a negotiable note which he knew was liable to pass from its hands at any moment. He paid without inquiring as to the ownership or possession of the note. The result of his lack

of common prudence is grievous, but we cannot shift the burden upon the innocent creditor, unless we are ready to seriously impair the negotiability of commercial paper. It is the judgment of this Court that the District Court of Cass County set aside its judgment heretofore entered in this case, and enter a judgment in favor of the defendant Gathercole and against plaintiff for the principal sum of said note, with interest and attorney's fees as therein provided, with the usual decree of foreclosure, and an order for the sale of said land in said mortgage described, with execution against plaintiff for the deficiency, if any. Defendant to have costs of both Courts. It is so ordered. Reversed. All concur.