## BARBARA TRUBEL v. ANDREW SANDBERG and Caroline Sandberg, His Wife.

(150 N. W. 928.)

Defendant paid the amount due upon a mortgage note, to an investment company, which assumed to act as agent of the assignee of the mortgagee, but who did not have possession of the note, and who embezzled the funds.

Evidence examined and held insufficient to show that the investment company was agent for plaintiff in making such collection.

Opinion filed January 9, 1915. Rehearing denied February 1, 1915.

Appeal from the District Court of Grand Forks, *Cooley,* J. Affirmed.

*Barnett & Richardson, John A. Nordin,* for appellants.

An agency of express authority to receive payment of security may be shown by other proof than the possession of the securities, and when such authority is shown, the payment is binding on the holder, although the security paid was not in the custody of the agent. Campbell v. Gowans, 35 Utah, 268, 23 L.R.A.(N.S.) 414, 100 Pac. 397, 19 Ann. Cas. 660, and cases.

Mrs. Trubel's reliance upon Faber was complete, and he had charge of the entire transaction, as shown by the entire evidence. General Convention of Cong. Ministers & Churches v. Torkelson, 73 Minn. 401, 76 N. W. 215; Dexter v. Berge, 76 Minn. 216, 78 N. W. 1111; First Nat. Bank v. Mutual Ben. L. Ins. Co. 145 Mo. 127, 46 S. W. 615.

A direction to an agent by the owner of paper, that it must be paid when due, is express authority to the agent who negotiated the deal, to receive payment. Hare v. Bailey, 73 Minn. 409, 76 N. W. 213; Ried v. Kellogg, 8 S. D. 596, 67 N. W. 687; Noble v. Nugent, 89 Ill. 522; Phœnix Ins. Co. v. Walter, 51 Neb. 182, 70 N. W. 938; Dunn v. Hornbeck, 72 N. Y. 80; Harrison v. Legore, 109 Iowa, 618, 80 N. W. 670; Thomson v. Shelton, 49 Neb. 644, 68 N. W. 1055; Bronson v. Chappell (Townsend v. Chappell), 12 Wall. 681, 20 L. ed. 436.

The fact that the mortgage company did not have the papers in their possession at the time of the payment by Sandberg is not at all conclusive. It is simply an evidentiary fact. Campbell v. Gowans, 23 L.R.A. (N.S.) 415, note.

There is not sufficient evidence in the case to warrant the court in finding that Faber was the agent of the mortgage company. Hare v. Bailey, 73 Minn. 409, 76 N. W. 213; General Convention of Cong. Ministers & Churches v. Torkelson, 73 Minn. 401, 76 N. W. 215; First Nat. Bank v. Mutual Ben. L. Ins. Co. 145 Mo. 127, 46 S. W. 615; Ried v. Kellogg, 8 S. D. 596, 67 N. W. 687; Harrison v. Legore, 109 Iowa, 618, 80 N. W. 670; Thomson v. Shelton, 49 Neb. 644, 68 N.

W. 1055; Phœnix Ins. Co. v. Walter, 51 Neb. 182, 70 N. W. 938; Meserve v. Hansford, 59 Kan. 777, 53 Pac. 835; Wilson v. LaTour, 108 Mich. 547, 66 N. W. 475; Shane v. Palmer, 43 Kan. 481, 23 Pac. 594; May v. Jarvis-Conklin Mortg. Trust Co. 138 Mo. 275, 39 S. W. 782; Bissell v. Dowling, 117 Mich. 646, 76 N. W. 100; Central Trust Co. v. Folsom, 167 N. Y. 285, 60 N. E. 599; Quinn v. Dresbach, 75 Cal. 159, 7 Am. St. Rep. 138, 16 Pac. 762.

*Henry Moen* (*W. A. McDonnell,* of counsel), for respondent.

The respondent cannot be bound by any apparent authority assumed by the mortgage company unless she herself gave such authority, or her conduct estops her from showing the contrary. Civil Code, § 5784; Humphrey v. Havens, 12 Minn. 298, Gil. 196; Church Asso. v. Walton, 114 Mich. 677, 72 N. W. 998.

"If a negotiable note be made payable at a given place, such provision is so an agreement on the part of the holder to have the note at the specified place of payment; that if the maker be there with the money to make payment, and makes a proper deposit, he is relieved from further obligation to seek the holder; if the holder places the note in any other place, then the person in charge becomes the agent of the holder to rceive the money and deliver the note; but if the note be not so deposited for collection and delivery, then such person has no authority to receive the money." Hollinshead v. John Stuart & Co. 8 N. D. 35, 42 L.R.A. 659, 77 N. W. 89; Budd v. Broen, 75 Minn. 316, 77 N. W. 979; Thomas v. Swanke, 75 Minn. 326, 77 N. W. 981; White v. Madigan, 78 Minn. 286, 80 N. W. 1125; Brown v. Blydenburgh, 7 N. Y. 141, 57 Am. Dec. 506; 20 Am. & Eng. Enc. Law, 2d ed. 1045.

The company was not advised to go ahead and collect the money; but respondent wanted the mortgage paid when due. Trowbridge v. Ross, 105 Mich. 598, 63 N. W. 534.

Agency will never be presumed, but where it is denied the burden of proof is upon him who affirms its existence. Corey v. Hunter, 10 N. D. 12, 84 N. W. 570; Busch v. Wilcox, 82 Mich. 336, 21 Am. St. Rep. 563, 47 N. W. 328; Farrington v. South Boston R. Co. 150 Mass. 406, 5 L.R.A. 849, 15 Am. St. Rep. 222, 23 N. E. 109; Moore v. Skyles, 33 Mont. 135, 3 L.R.A.(N.S.) 136, 114 Am. St. Rep. 801, 82 Pac. 799.

Apparent authority is that which an agent appears to have from that which he actually has, and not from what he pretends to have, or from

his acts and conduct on occasions unknown to and not ratified by the principal. Oborne v. Burke, 30 Neb. 581, 46 N. W: 838; Edwards v. Dooley, 120 N. Y. 540, 24 N. E. 827; Wierman v. Bay City-Michigan Sugar Co. 142 Mich. 422, 106 N. W. 75; Anderson v. Patten, 157 Iowa, 23, 137 N. W. 1050; Burchard v. Hull, 71 Minn. 430, 74 N. W. 164; Corey v. Hunter, 10 N. D. 5, 84 N. W. 570.

The mere fact that one negotiates a loan does not imply authority to receive payment. Western Security Co. v. Douglass, 14 Wash. 215, 44 Pac. 259; Smith v. Kidd, 68 N. Y. 130, 23 Am. Rep. 157; Schenk v. Dexter, 77 Minn. 15, 79 N. W. 526; Trull v. Hammond, 71 Minn. 172, 73 N. W. 644; Hollinshead v. John Stewart & Co. 8 N. D. 35, 42 L.R.A. 659, 77 N. W. 89; Stolzman v. Wyman, 8 N. D. 108, 77 N. W. 285; Dwight v. Lenz, 75 Minn. 78, 77 N. W. 546; Trowbridge v. Ross, 105 Mich. 598, 63 N. W. 534; Walsh v. Peterson, 59 Neb. 645, 81 N. W. 853; Trull v. Hammond, 71 Minn. 172, 73 N. W. 642; Chandler v. Pyott, 53 Neb. 786, 74 N. W. 263; Corey v. Hunter, 10 N. D. 5, 84 N. W. 570.

Or where one has formerly collected interest, unless he has in his possession for collection and delivery the notes or papers in the present transaction. Burchard v. Hull, 71 Minn. 430, 74 N. W. 163; Bull v. Mitchell, 47 Neb. 647, 66 N. W. 632; Western Security Co. v. Douglass, 14 Wash. 215, 44 Pac. 257; Trull v. Hammond 71 Minn. 172, 73 N. W. 642; Porter v. Ourada, 51 Neb. 510, 71 N. W. 52; Joy v. Vance, 104 Mich. 97, 62 N. W. 140; Stolzman v. Wyman, 8 N. D. 108, 77 N. W. 285.

The doctrine of apparent or ostensible authority cannot be invoked in aid of those who have had no knowledge of past transactions; for there can be no reliance upon such dealings in the absence of knowledge. Burchard v. Hull, 71 Minn. 430, 74 N. W. 165; Harris v. San Diego Flume Co. 87 Cal. 526, 25 Pac. 758; Anderson v. Patten, 157 Iowa, 23, 137 N. W. 1050; Dispatch Printing Co. v. National Bank, 115 Minn. 157, 132 N. W. 2; Weidenaar v. New York L. Ins. Co. 36 Mont. 592, 94 Pac. 1; Jackson Paper Mfg. Co. v. Commercial Nat. Bank, 199 Ill. 151, 59 L.R.A. 657, 93 Am. St. Rep. 113, 65 N. E. 136.

BURKE, J. The defendant Sandberg was the owner of a farm upon which there was a mortgage of $1,400, given by a prior owner of the

farm to the American Mortgage & Investment Company of St. Paul, Minnesota, who, in turn, had sold it to the plaintiff, Mrs. Trubel. The Investment Company, however, continued to collect the interest from defendant and remit the same. When the principal sum became due, the Investment Company notified defendant that he should pay the same to them, and he, personally, went to their office in St. Paul and paid the full amount due upon the mortgage. The Investment Company embezzled said funds and shortly thereafter failed. Plaintiff started foreclosure proceedings, which were met by a claim that payment had been made to the Investment Company, as the agent of plaintiff. The trial court held that the Investment Company had no authority to receive the money, as agent of the plaintiff, and defendant appeals to this court and asks a trial *de novo*. There is not a great deal of. dispute as to the law, it being, we think, conceded that the burden of proof is upon the defendant to show that the Investment Company had either actual or ostensible authority to make the collection upon behalf of the plaintiff. It is, we think, admitted that each case must be judged by its own facts, and the decisive question is whether or not, under the facts and circumstances of this case, such authority has been shown.

(1) It is physically impossible to set out all of the evidence in this case and we must content ourselves with merely a few quotations. The Investment Company was in the business of selling mortgages upon real estate. Their profit was usually evidenced by a second mortgage for a part of the interest. In the case at bar, the principal note bore interest at the rate of 6 per cent, and this mortgage was sold to Mrs. Trubel as an investment. She lived in Illinois in the same town where one Mr. Faber was cashier of a bank, and he received a cash commission from the Investment Company for negotiating the sale of such mortgage to her. When she had purchased such loan, she placed the note and mortgage in a tin box to which she retained the key, and left the same in Faber's bank. As the interest coupons became due she clipped the same, handed them to Faber, with the request that he collect the money for her. Faber, upon his part, forwarded the coupons to the Investment Company with a similar request. The Investment Company wrote to the defendant to come in and pay the same, which he did. There does not appear to have been any direct correspondence between

Mrs. Trubel and either the Investment Company or defendant. Faber had negotiated the sale of several other mortgages for the Investment Company and wrote frequently relative to the entire business. Incidentally, reference is often made to this loan. The principal sum became due February 13, 1912. On February 4th of that year, Faber wrote to the president of the Investment Company, saying in part: " . . . If you know the addresses of the owners of the Hoidal (the land in question) and Standy lands, I wish you would write them and tell them that these loans must be paid when due. Better do it now than after the loans have matured. . . ." Upon receipt of this letter, the Investment Company wrote to the defendant, demanding payment of the principal sum and that year's interest, and also wrote to Faber, stating that the mortgagor had made arrangement to pay, and requesting that the note and the satisfaction of the mortgage be sent either to the Investment Company or to the Scandinavian-American Bank of St. Paul, Minnesota. Faber caused a satisfaction of the mortgage to be executed, and sent it and the notes to the Scandinavian bank, and not to the Investment Company. This was done on the 14th or 15th of February, 1912, after defendant had paid the money to the Investment Company, payment having been made on the 8th of the month. As already stated, the money was embezzled by the Investment Company. It is defendant's contention that Mrs. Trubel had constituted Faber her agent for the entire transaction, and that she is bound by his actions as fully as though she had herself written the letters to the Investment Company, and that Faber, in his turn, acting for Mrs. Trubel, had constituted the Investment Company her agent to make the collection. In support of this contention, they have introduced in evidence letters passing between Faber and the Investment Company, many of which relate to other matters entirely, and point to the testimony of Mrs. Trubel wherein she testified that she had no dealings with the Investment Company, but had all her dealings with Faber, and that she had delivered over her money to Faber, relying upon his integrity to look after the matter for her, and they quote from her testimony in their brief as follows: "Knowing Mr. Faber as I did, and his connection with the bank, I was perfectly satisfied with anything he did in the way of looking after this mortgage investment." However, this testimony when considered in connection with the undisputed fact that she kept

the mortgage and notes in a tin box under lock and key, does not, we think, bear out appellant's contention. On February 14, 1912, after the embezzlement and just before the Investment Company had asked for the satisfaction of the mortgage, Faber wrote them as follows: ". . . Something must be done about this loan and the Hoidal, Standy, and Clara Arndt loans, or I will have all kinds of trouble on my hands. It seems as if you people ought to ascertain several months before a note matures whether it will be paid promptly, and if not a new note should be arranged for at once." And on March 6, 1912, he wrote: "What seems to be the trouble with the Hoidal matter that it is not paid?" From the whole of the evidence, we have reached the conclusion that defendant has failed to establish any authority, actual or ostensible, upon the part of the Investment Company to act as agent for the plaintiff in receiving the money from the defendant. The law upon the subject is admirably stated in a note in 23 L.R.A.(N.S.) 414; Campbell v. Gowans, said note gives a *résumé* of all of the cases bearing upon this interesting subject, and extracts from some of the more important decisions. Quoting from Loizeaux v. Fremder, 123 Wis. 193, 101 N. W. 423, the note says: "The rule just referred to is in line with that policy. It is so simple, and once understood, furnishes so easy and sure a means for both debtor and owner to protect themselves against unauthorized acts of others, that it ought not to be weakened or confused. The holder can always be safe by retaining the instrument in his possession; the debtor, by refusing payment, without actual presentation." Or, as stated in Hollinshead v. Stuart & Co. 8 N. D. 35, 42 L.R.A. 659, 77 N. W. 89: "If a negotiable note be made payable at a particular place, such provision is so far an agreement on the part of the holder to have the note at the specified place at maturity, that, if the maker be there with the money to make the payment, and make a proper deposit, he is relieved from all further obligation to seek the holder. . . . If the holder.has seen proper to place the note in the designated place, then the person in charge becomes the agent of the holder to receive the money and deliver the note to the maker. But if the note be not so deposited, then no authority exists in the person in charge to receive the money. . . . He had in his own hands the means of absolute protection. He had only to see to it that he received his note when he paid his money. If he neglected this simple re-

quirement, demanded not more by the law than by common prudence, he paid at his peril; and, if loss occurs, he must bear it. One party or the other must suffer, and he, being the party in fault, must bear the burden."

See also Stolzman v. Wyman, 8 N. D. 108, 77 N. W. 285; Corey v. Hunter, 10 N. D. 5, 84 N. W. 570. It follows that the plaintiff was well within her rights, and that the loss was occasioned by the carelessness of the defendant in paying to an unauthorized person without a production of the note itself or evidence of agency from the owner thereof. The order of the trial court is affirmed.